**DIRECTV, INC., Plaintiff,**

v.

**William HOVERSON, Defendant.**

No. 4:03–CV–410–A.

United States District Court,
N.D. Texas,
Fort Worth Division.

May 27, 2004.

Michael G. Brown, Figari & Davenport, Dallas, TX, for Plaintiff.

Daniel M. Burns, Law Office of Daniel M. Burns, Buda, TX, for Defendant.

## *MEMORANDUM OPINION* and *ORDER*

McBRYDE, District Judge.

On April 12, 2004, defendant, William Hoverson, filed a motion to dismiss certain claims of plaintiff, DirecTV, Inc., for failure to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). The court, after having reviewed defendant's motion, plaintiff's response, the record, and applicable authorities, concludes that defendant's motion should be granted in part for the reasons set forth below.

## I.

### *Background*

Plaintiff instituted this suit on May 16, 2003. Generally speaking, plaintiff alleged in its complaint that it was damaged through defendant's surreptitious possession and use of illegal devices and equipment designed to intercept and decrypt its protected satellite communications. Plaintiff's claims are based on alleged violations of 18 U.S.C. §§ 2511 (Count 2) and 2512 (Count 3), 47 U.S.C. §§ 605(a) (Count 1) and 605(e)(4) (Count 4), and chapter 123 of the Texas Civil Practice and Remedies Code (Count 6), and common law conversion (Count 5). The court has ordered dismissal of plaintiff's cause of action for conversion pursuant to a stipulation of the parties. Defendant now moves for dismissal of all of plaintiff's causes of action other than the one for defendant's alleged violation of 47 U.S.C. § 605(a) on the ground that none of them states a claim upon which relief may be granted.

## II.

### *Applicable Standards*

The standards for deciding a motion to dismiss for failure to state a claim are well-settled. The court's task is to determine "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). A complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The court construes the allegations of the complaint favorably to the pleader. *Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683. However, the court does not accept conclusory allegations or unwarranted deductions of fact as true. *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir.1994); *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir.1992).

## III.

### *Analysis*

A. *Count 3—18 U.S.C. § 2512*

As its third cause of action, found under the heading "Count 3—Damages for Pos-

session, Manufacture, and/or Assembly of Electronic, Mechanical or Other Device or Equipment (18 U.S.C. § 2512)," plaintiff alleges that:

> By way of its third cause of action, DIRECTV alleges that Defendant possessed, manufactured, and/or assembled an electronic, mechanical or other device knowing, or having a reason to know, that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire or electrical communications and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce. More particularly, Defendant himself, or someone at his direction, sent and/or received Pirate Access Devices by means of the United States Postal Service or commercial mail carrier.

Compl. at 9, ¶ 31.

Defendant argues that Count 3 fails to state a claim because "it requests relief based solely on Defendant's 'possession, manufacture or assembly' of an electronic device that could be used to intercept its communications, rather than actual interception of its communications as required by § 2520." Def.'s Mot. at 6, ¶ 21. Plaintiff counters that 18 U.S.C. § 2520 authorizes a civil action for a violation of 18 U.S.C. § 2512.

■ Section 2520 provides a civil cause of action only to "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of [chapter 119]" only against "the person or entity, . . . which engaged in that violation." 18 U.S.C. § 2520(a). *See also Peavy v. WFAA–TV, Inc.*, 221 F.3d 158, 169 (5th Cir.2000). The words "that violation" as used in § 2520 refer to

the "illegal interception, disclosure, or use" of plaintiff's covered communication, and not to other conduct that would be a violation of chapter 119. *See id.* Thus, civil actions authorized by § 2520 are only those based on a complaint that the defendant intercepted, disclosed, or intentionally used the complaining party's communication. *Id.* The allegations in Count 3 do not allege conduct of that kind. Rather, as noted above, the thrust of the allegations in Count 3 is that defendant "possessed, manufactured, and/or assembled."

The recitation in Count 3 that plaintiff "is a person whose electronic communications are being intercepted, disclosed and/or intentionally used in violation of 18 U.S.C. § 2512," Compl. at 10, ¶ 32, has no relevance to plaintiff's Count 3 claim. The court has concluded that defendant's motion should be granted as to Count 3.

**B.** *Count 2—18 U.S.C. § 2511*

In Count 2 of the complaint, plaintiff alleges that it is entitled to recover civil damages from defendant because he, *inter alia,* "endeavored to intercept" plaintiff's electronic communications, "endeavored to disclose" to others the contents of such communications, "endeavored to use" the contents of such communications, and "procured other persons" to intercept plaintiff's communications. Pl.'s Compl. at 8–9, ¶ 27.

■ Defendant argues that the court should dismiss the "endeavored" and "procured other persons" aspects of Count 2 because, defendant asserts, a civil action under § 2520 must be based on actual interception, disclosure, or use of a communication.[1] The court agrees with defendant. As noted above, the civil cause of

---

**1.** Defendant moves for dismissal of Count 2 in its entirety, but defendant's supporting arguments are limited to complaints about the "endeavored" and "procured other persons" aspects of the count. Thus, the court is treating the motion as to Count 2 as being limited to those aspects.

action authorized by § 2520 pertains only to claims arising from the interception, disclosure, or intentional use of a communication. An endeavor, or the procurement of another, to do one of those things does not come within the scope of § 2520. *See Peavy v. WFAA–TV, Inc.,* 221 F.3d at 169. Therefore, the court is dismissing those parts of Count 2 that complain that defendant "endeavored to intercept," "endeavored to disclose," "endeavored to use," and "procured other persons."

### C.  *Count 4—47 U.S.C. § 605(e)(4)*

Plaintiff alleges in Count 4 that it is entitled to recover damages· from defendant because defendant violated 47 U.S.C. § 605(e)(4)[2] by "knowingly, manufactur[ing], assembl[ing], or modif[ying] an electronic, mechanical or other device or equipment knowing, or having reason to know, that the device or equipment is used primarily in the assistance of the unauthorized decryption of Satellite Programming, or direct-to-home satellite services, or is intended for any other prohibited activity." Compl. at 10, ¶ 35. Plaintiff then makes the conclusory allegation that it "is a person aggrieved by the Defendant's independent violations of 47 U.S.C. § 605 and is authorized to institute this action against the Defendant pursuant to 47 U.S.C. § 605(e)(3)(A)." *Id.* at 11, ¶ 37. The text of § 605(e)(3)(A) is as follows:

> Any person aggrieved by any violation of subsection (a) of this section or [§ 605(e)(4) ] may bring a civil action in a United States district court or in any other court of competent jurisdiction.

For plaintiff to be entitled to bring a civil action based on a violation of § 605(e)(4), plaintiff must qualify as "[a]ny person aggrieved." 47 U.S.C. § 605(e)(3)(A). Section 605 has the following to say in its "Definitions" subsection about the term "any person aggrieved":

> (6) the term "any person aggrieved" shall include any person with proprietary rights in the intercepted communication by wire or radio, including wholesale or retail distributors of satellite cable programming, and, in the case of a violation of paragraph (4) of subsection (e) of this section shall also include any person engaged in the lawful manufacture, distribution, or sale of equipment necessary to authorize or receive satellite cable programming.

47 U.S.C. § 605(d)(6).

The first part of the "definition" ("any person with proprietary rights in the intercepted communication") does not apply as to an alleged violation of § 605(e)(4) because such an offense does not involve interception of a communication. The second part is inapplicable here because there is no allegation that plaintiff is engaged in the lawful manufacture, distribution, or sale of equipment necessary to authorize or receive "satellite cable programming" (as opposed to direct-to-home satellite services). Section 605 defines the term "satellite cable programming" to mean "video programming which is transmitted via sat-

---

**2.** The full text of 47 U.S.C. § 605(e)(4) is as follows:

Any person who manufactures, assembles, modifies, imports, exports, sells, or distributes any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for

any other activity prohibited by subsection (a) of this section, shall be fined not more than $500,000 for each violation, or imprisoned for not more than 5 years for each violation, or both. For purposes of all penalties and remedies established for violations of this paragraph, the prohibited activity established herein as it applies to each such device shall be deemed a separate violation.

ellite and which is primarily intended for the direct receipt by cable operators for their retransmission to cable subscribers." 47 U.S.C. § 605(d)(1). There is no allegation in the complaint that defendant did anything related to satellite cable programming, as so defined.

■ Thus, if § 605(d)(6) were a true definition, defendant's request for dismissal of Count 4 would have merit.[3] However, the court has concluded that § 605(d)(6) is not a true definition but, instead, merely is a description of two categories of persons who come within the broad term "any person aggrieved." The court notes that in three of the definitions under that heading in subsection (d) of § 605 the word "means" precedes the definitional language. 47 U.S.C. §§ 605(d)(1), (3) & (4). A fourth uses the word "includes" rather than the word "means." *Id.* § 605(d)(2). A fifth uses the words "shall not include." *Id.* § 605(d)(5). As previously noted, the sixth, the one in issue here, uses the words "shall include" and "shall also include." *Id.* § 605(d)(6). Congress's choice of words supports the court's conclusion that Congress did not intend to restrict the term "any person aggrieved" to the categories of persons that follow the words "shall include." *See Argosy Ltd. v. Hennigan,* 404 F.2d 14, 20 (5th Cir.1968). *See also Federal Land Bank of St. Paul v. Bismarck Lumber Co.,* 314 U.S. 95, 100, 62 S.Ct. 1, 86 L.Ed. 65

(1941); *United States v. Gertz,* 249 F.2d 662, 666 (9th Cir.1957).

The words "shall include" normally "convey the conclusion that there are other items includable, though not specifically enumerated by the statute[ ]." *Argosy Ltd.,* 404 F.2d at 20. A category of persons not specifically enumerated by § 605(d)(6), but which the court concludes are includable in the scope of the term "any person aggrieved," as used in § 605(e)(3)(A), are all persons who have been aggrieved by any violation of § 605(e)(4). Therefore, the court cannot conclude that the allegations of the complaint, which assert a violation of § 605(e)(4) adversely affecting plaintiff, are not sufficient to bring plaintiff within the scope of § 605(e)(3)(A).[4] Thus, defendant's motion is denied as to Count 4.

### D. *Count 6—Chapter 123*

Count 6 alleges a cause of action under chapter 123 of the Texas Civil Practices and Remedies Code. Plaintiff's allegations of wrongdoing in Count 6 are as follows:

43. DIRECTV transmits satellite communications in part by wire or cable. More specifically, the Satellite Dish, receivers, and television necessary to utilize DIRECTV's Satellite Programming are connected by wire and cable. Finally, DIRECTV's Satellite Programming contains information that is obtained and/or perceived by aural acquisition, particularly including all audio communi-

---

**3.** While 47 U.S.C. § 605(e)(4) covers manufacturers, et cetera, of both equipment for use in the unauthorized decryption of satellite cable programming and equipment for use in unauthorized decryption of direct-to-home satellite services, the second part of the "definition" of "any person aggrieved" is limited to a person engaged in the lawful manufacture, et cetera, of equipment necessary to authorize or receive satellite cable programming. 47 U.S.C. § 605(d)(6).

**4.** If the only information plaintiff has relative to defendant's conduct is that the device in question was shipped to him, there might be a question as to whether the inferences plaintiff draws in its complaint concerning uses defendant has made of the device are legitimate. In that event, issues such as those discussed in *DirecTV, Inc. v. Swisher,* No. CIV.A.5:03–CV–00079, 2004 WL 1109886 (W.D.Va. Apr. 30, 2004), would be raised. However, defendant's motion is not grounded on issues of that kind.

cation services that accompany video transmissions.

44. Upon information and belief, Defendant acquired and/or used Pirate Access Devices to intercept, or attempt to intercept, DIRECTV's Satellite Programming information constituting an extraordinary use of satellite and television viewing equipment.

Compl. at 11, ¶¶ 43 & 44.

Chapter 123 provides, in pertinent part, that, "[a] party to a communication may sue a person who: (1) intercepts, attempts to intercept, or employs or obtains another to intercept or attempt to intercept the communication." TEX. CIV. PRAC. & REM. CODE ANN. § 123.002 (Vernon 1997). Defendant argues that plaintiff cannot state a claim under this provision because (1) its chapter 123 cause of action is preempted by federal copyright law, and (2) any recovery for an attempted interception of plaintiff's communications is a violation of defendant's constitutional right to due process.

### 1. *Federal Preemption*

■ In order to accomplish the general federal policy of creating a uniform method for protecting and enforcing certain rights in intellectual property, federal copyright law preempts certain state law claims within its general scope. *See* 17 U.S.C. § 301(a); *Daboub v. Gibbons*, 42 F.3d 285, 288 (5th Cir.1995). In determining if a cause of action is preempted, the court looks to (1) whether the cause of action falls within the subject matter of copyright, and (2) whether the cause of action protects rights that are equivalent to any of the exclusive rights of a federal copyright as provided in 17 U.S.C. § 106. *See Daboub,* 42 F.3d at 289.

■ Plaintiff's cause of action is not preempted, as it is not within the subject matter of federal copyright law. Copyright law protects "works of authorship,"

not communications. 17 U.S.C. § 102; *see also Brown v. Ames,* 201 F.3d 654, 658 (5th Cir.2000). The mere fact that plaintiff may be communicating content that is copyrightable, and the author of that content may have intellectual property rights under copyright law, is not sufficient to bring a cause of action for interception of communications within the preemption provision of § 301(a).

### 2. *Due Process Violation*

■ As stated above, chapter 123 allows plaintiff to recover for an attempted interception of its communications. TEX. CIV. PRAC. & REM.CODE ANN. § 123.002. Defendant argues that when the only wrongdoing proved is an attempt to intercept plaintiff's communications an award of damages is an unconstitutional violation of his due process rights. According to defendant, statutory damages awarded in an attempt case are punitive damages, *see* TEX. CIV. PRAC. & REM.CODE ANN. § 123.004, as they only serve to punish or deter conduct and not to remedy any actual harm, and these "punitive" damages are unconstitutional because, when no actual injury to plaintiff has been proved, they are grossly excessive under *BMW of North America, Inc. v. Gore,* 517 U.S. 559, 586–87, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), in that the ratio of any amount damages awarded to actual damages suffered, zero, is infinite. Defendant's due process rights are not necessarily violated when statutory damages are awarded but no actual damages are proved. *See, e.g., Cable/Home Communication Corp. v. Network Prods., Inc.,* 902 F.2d 829, 850–51 (11th Cir.1990).

### III.

### *ORDER*

For the reasons discussed,

The court ORDERS that defendant's above-described motion be, and is hereby, granted in part, and that Count 3 of the complaint and the parts of Count 2 of the complaint alleging "endeavored to intercept," "endeavored to disclose," "endeavored to use," and "procured other persons to intercept" conduct be, and are hereby, dismissed.

The court further ORDERS that all other relief requested by defendant's motion to dismiss be, and is hereby, denied.